UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| GERALD TOLIVER | CIVIL ACTION NO. 23-1498 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BROOKSHIRE GROCERY CO D/B/A SUPER 1 FOODS | MAGISTRATE JUDGE MCCLUSKY |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment (Record Document 15) filed by Defendant Brookshire Grocery Co d/b/a Super 1 Foods ("Brookshire"). Brookshire seeks dismissal with prejudice of Plaintiff Gerald Toliver's ("Toliver") claims, which arise out of an alleged slip-and-fall inside Brookshire. See Record Document 15-2 at 27. Brookshire maintains Toliver cannot satisfy his requisite burden of proof under the Louisiana Merchant Liability Statute ("LMLA"). See id. at 26. Toliver opposes the motion, namely arguing there are unresolved questions of fact as it concerns the issue of constructive notice. See Record Document 17. Brookshire replied. See Record Document 18. For the reasons set forth below, Brookshire's motion is **GRANTED**, and Toliver's claims are **DISMISSED WITH PREJUDICE**.

**BACKGROUND**

This lawsuit arises out of an alleged slip-and-fall that occurred in a Super 1 grocery store on August 26, 2022. See Record Document 17 at 4. Toliver alleges that while he was a patron at the grocery store, he unexpectedly encountered produce on the floor that caused him to slip and fall. See id. The slip-and-fall was captured on surveillance video,

and additional photographs have been obtained. See Record Document 17 at 4. From this evidence, Toliver states there were two green beans on the floor which caused him to slip and fall. See Record Document 15-1 at 1. Toliver does not know how the green beans initially came to be on the floor, nor does he know how long the green beans were on the floor before his fall. See id.

On July 14, 2023, Toliver filed a Petition for Damages in the First Judicial District Court, Parish of Caddo, State of Louisiana. See Record Document 1 at 2. He amended his petition pursuant to a First Supplemental and Amending Petition for Damages filed on July 20, 2023. See id. In his petition for damages, Toliver claims he suffered and continues to suffer multiple personal, psychological, and emotional injuries because of the slip-and-fall. See id. at 3. Toliver claims that the produce, which caused him to fall, was either negligently left in the area by a store employee or was present in the area for such a time that store employees knew or should have known of the existence of the hazard. See id. On December 7, 2023, the Court approved Brookshire's removal to federal court. See Record Document 11.

In its Motion for Summary Judgment, Brookshire asserts that Toliver fails to prove actual or constructive notice required under the LMLA. See Record Document 15-2 at 4. Toliver opposes the motion, asserting a genuine issue of material fact as to constructive notice. See Record Document 17-1 at 1–2. More specifically, Toliver asserts that multiple Brookshire employees passed through the area at issue in the hour before the fall, after the object on the floor is seen to be present. See id. at 2. He maintains that video evidence shows that sufficient time had passed between when the object in question first appeared on the floor and when he fell. See id. Additionally, the video shows that sufficient time had

2

passed between when Jones, a Brookshire employee, walked through the area and when Toliver fell. See id. No one else dropped any green beans on the floor. See id. Toliver claims this evidence is sufficient to overcome summary judgment. See id.

Brookshire replied, asserting that Toliver's opposition is based upon the interpretation of the surveillance video by his counsel, which is purely speculation. See Record Document 18 at 1. Brookshire contends that it is not discernable from the video when or how the green beans came to be present on the floor, and any statements by Toliver's counsel to the contrary are speculation. See id. at 2.

## LAW AND ANALYSIS

**I. Summary Judgment Standard.**

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2552–53. (1986). In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." Deshotel v. Wal-Mart La., L.L.C., 850 F.3d 742, 745 (5th Cir. 2017); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). As such, the party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact as to issues critical to trail that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir.

3

1995). Courts must deny the moving party's motion for summary judgment if the movant fails to meet this burden. See id.

If the movant satisfies its burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." Id. (citing Celotex, 477 U.S. at 323, 106 S. Ct. 2553). In evaluating motions for summary judgment, courts must view all facts in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). There is no genuine issue for trial—and thus, a grant of summary judgment is warranted—when the record as a whole "could not lead a rational trier of fact to find for the moving party…." Id.

## II. Louisiana's Merchant Liability Statute.

In a diversity case such as this one, federal courts apply state substantive law. See Moore v. State Farm Fire & Cas. Co., 556 F.3d 264, 269 (5th Cir. 2009); Erie R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S. Ct. 817, 822 (1938). Accordingly, liability in this case is governed by the LMLA. Louisiana Revised Statues § 2800.6(A) imposes a duty of care on a merchant to those lawfully on its premises, "to keep the premises free of any hazardous conditions which reasonably might give rise to damage." La. Rev. Stat. § 9:2800.6(A). When a negligence claim is brought against a merchant based on injuries sustained in a fall caused by a condition of the merchant's premises, a plaintiff bears the burden of providing the existence of a hazardous condition and that:

> 1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

>2) The merchant either created or had actual or constructive notice of the condition which cause the damage, prior to the occurrence.
>
>3) The merchant failed to exercise reasonable care.

LA. REV. STAT. § 9:2800.6(B). Importantly, a plaintiff bears the burden of proof as to each of these three elements. In fact, "[t]he burden of proof does not shift to the defendant at any point, and failure to prove any one of these elements negates a plaintiff's cause of action." Melancon v. Popeye's Famous Fried Chicken, 2010-1109, p. 3 (La. App. 3 Cir. 3/16/11); 59 So. 3d 513, 515 (citing White v. Wal-Mart Stores, Inc., 97-0393 (La. 9/9/97); 699 So. 2d 1081; Ferrant v. Lowe's Home Centers, Inc., 494 Fed. Appx. 458, 460 (5th Cir. 2012)).

With respect to the second element, the LMLA defines constructive notice to mean that the plaintiff "has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." LA. REV. STAT. § 9:2800.6(C)(1). The statute further clarifies that "[t]he presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition." Id. The jurisprudence has explained that constructive notice includes a temporal element in which the plaintiff must prove the condition existed for "some period of time" prior to the fall. See White, 699 So. 2d at 1084. While the time period "need not be specific in minutes or hours," the plaintiff must come forward with some positive evidence to satisfy the temporal element. Id.

5

**III. Analysis.**

As stated above, this case is centered around the second element of the LMLA, specifically whether Brookshire had constructive notice of the condition. Brookshire asserts that Toliver failed to identify any positive evidence necessary to satisfy actual or constructive notice. See Record Document 15-2 at 21. Brookshire contends that Toliver cannot overcome summary judgment because he did not see the substance before he slipped and fell, nor did he know the source of the substance. See id. at 26.

In response, Toliver contends he satisfied the temporal element of constructive notice by showing that the substance was on the floor for about an hour prior to the fall, and the hazard was never addressed by store employees passing through the area. See Record Document 17 at 13. Toliver maintains this is enough evidence to prove constructive notice and overcome summary judgment. See id. at 17.

After a thorough review of the summary judgment record, including the surveillance video and the applicable law, the Court finds summary judgment proper. Toliver has not provided sufficient positive evidence to survive summary judgment on the issue of constructive notice. He presented testimony that two green beans on the floor caused him to fall. See Record Document 15-3 at 4. His counsel maintains that the surveillance video shows a small, slender object that appears to be green on the floor in the area where he fell nearly an hour before the incident. See Record Document 17 at 9, 13. However, Toliver testified in his deposition that he has no knowledge as to how the green beans got on the floor, nor how long they had been on the floor. See Record Document 15-3 at 7.

From the surveillance video and photographs, there is no evidence to support the notion that the green beans existed before Toliver's fall. The video does not show any green beans present, and the photographs of the green beans entered as exhibits were taken after the fall. Toliver's speculation, without further evidence, does not prove that the Brookshire employees were aware of the substance on the ground.

Courts have found that if the substance was brown and had buggy marks through it, that is enough to establish the temporal element of constitutive notice. See Lacy v. ABC Ins. Co., 97-1182 (La. App. 4 Cir. 4/1/98); 712 So. 2d 189; see also Woods v. Wal-Mart La., LLC, No. 11-1622, 2012 WL 5926178 (W.D. La. Nov. 26, 2012). In Woods, several witnesses testified that the spill "had become dirty and showed signs that shopping carts [had] previously tracked through the spill." 2012 WL 5926178, at *2. Similarly in Britt v. Brookshire Grocery Co., the district court held that since the substance, which was likely a grape or banana, was brown, it "indicate[d] that it had been sitting out for 'some period of time.'" No. 17-01117, 2020 WL 703104, at *4 (W.D. La. Feb. 10, 2020).

In the instant case, there is no testimony that the green beans were dirty, discolored, or had buggy marks running through them. The photographs of the green beans were taken after Toliver's fall, not before. Toliver's assertions are not corroborated by other witnesses, the surveillance video, or the photographs. In fact, Kevin Jones ("Jones"), Brookshire's assistant produce manager on duty the day of the incident, testified that he did not notice any smears, skids, or slide marks. See Record Document 15-5 at 8. The green beans left no residue on the floor, and they were not smeared. See id. at 9–10. Therefore, Toliver's claims are unsupported and do not lead to the conclusion that Brookshire had constructive notice.

Toliver's counsel asserts that a small, slender object appears to be on the ground where he fell. See Record Document 17 at 9. A few patrons walk through the area, and by their movements, the object was inadvertently kicked back into the area where Toliver fell. See id. at 11. Toliver's counsel contends that while he does not know with certainty when or how the green beans came to be on the ground, the video clearly shows that a slender object, sometimes appearing with a green tint and with a different sheen than the floor around it, was present in the area for nearly an hour before the fall. See id. at 13. Even so, Toliver contends that no Brookshire employee addressed the potential hazard. See id.

The Court is unpersuaded by this argument. Toliver and his counsel's mere speculation cannot overcome summary judgment. See Jones v. U.S., 936 F. 3d 318 (5th Cir. 2019). In Jones, the Fifth Circuit reasoned that a non-movant cannot overcome "summary judgment by presenting 'speculation, improbably inferences, or unsubstantiated assertions.'" Id. at 321. Thus, Toliver and his counsel's assertions do not negate summary judgment.

Additionally, the surveillance video depicts several other customers walking in the same area without incident immediately prior to Toliver's fall. In Paredes v. Dolgencorp LLC, the district court found summary judgment proper because "[t]he surveillance footage merely show[ed] the passage of time, and that a few people walked down the [a]isle without incident." No. 19-01236, 2021 WL 850375, at *3 (W.D. La. Mar. 5, 2021). Here, the fact that several customers walked in the same area as Toliver without incident supports a finding of summary judgment.

Toliver also presented testimony that several employees were in the near vicinity of the slip-and-fall before the accident. See Record Document 17 at 12. However, Jones is the only identifiable employee. See id. at 12–13. Louisiana courts have made clear that "[t]he presence of a merchant's employee near the condition does not, in and of itself, constitute constructive notice of the condition." Blackman v. Brookshire Grocery Co., 2007-348, p. 7 (La. App. 3 Cir. 10/3/07); 966 So. 2d 1185, 1190. However, "the presence or absence of such employee in the vicinity of an unsafe condition is certainly a significant factor to be considered in determining whether a merchant had constructive notice." Id.

Here, the surveillance video and deposition testimony verify that Jones was working as the assistant produce manager on duty in the area were Toliver slipped and fell. See Record Document 17-2 at 1; see also Record Document 15-5 at 3. Jones testified that his job required him to always be alert, monitor his entire area, and take care of anything he observed. See Record Document 15-5 at 4. Brookshire does not have periodic inspections of the floor on a time schedule, and there is no recordkeeping regarding when an employee does an inspection or walk-through. See id. at 4–5. Jones testified that he did not see anything when he walked through the area prior to Toliver's fall. See id. at 12–13. Jones maintains that if he would have seen something, he would have done something. See id. at 15. Therefore, the surveillance video and photographs combined with the deposition testimony from Jones support the conclusion that Brookshire did not have constructive notice of the condition that caused Toliver's fall. Toliver has not satisfied his burden under the LMLA, which requires him to put forth positive evidence that Brookshire had constructive notice.

In <u>Babin v. Winn Dixie La., Inc.</u>, the Louisiana Supreme Court found summary judgment appropriate because the plaintiff could not put forth positive evidence on how the condition was created and how long it had been present. 2000-0078 (La. 6/30/00); 764 So. 2d 37. The <u>Babin</u> Court opined, "Despite [plaintiff's] speculation that the condition may have existed for some period prior to [plaintiff's] fall, plaintiff is clearly unable to make a positive showing that the condition did exist for some period of time [prior] to his fall." <u>Id.</u> at 40.

In the instant case, Toliver did not know where the alleged green beans came from nor how long they had been on the floor. <u>See</u> Record Document 15-3 at 7. The main support for his assertions were the photographs taken after the fall and his counsel's argument that the employees had constructive notice of the condition. <u>See</u> Record Document 17-3 at 2; Record Document 17-4 at 2; Record Document 17 at 20. It is uncertain how the green beans ended up on the floor and how long they were present. Toliver has not put forth sufficient positive evidence to clarify this uncertainty as required by the LMLA.

## CONCLUSION

Based on the foregoing analysis, this Court finds there are no genuine issues of material fact for trial and that Brookshire is entitled to judgment in its favor as a matter of law. Accordingly, Brookshire's Motion for Summary Judgment (Record Document 15) shall be **GRANTED**, and Toliver's claims **DISMISSED WITH PREJUDICE**.

A Judgment consistent with this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 29th day of October, 2024.

*[signature]*
S. MAURICE HICKS, JR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT